**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ANTWON D. JENKINS, #09778-025,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-01371-JPG |
| ) | |
| **KENNY BENZING,** ) | |
| **JOHN/JANE DOE 1,** ) | |
| **JOHN/JANE DOE 2,** ) | |
| **JOHN/JANE DOE 3,** ) | |
| and **ALLISON ALEXANDER,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Antwon Jenkins, an inmate in the custody of the Federal Bureau of Prisons and currently incarcerated at the Federal Correctional Institution in Talladega, Alabama, brings this action for constitutional deprivations pursuant to 28 U.S.C. § 1331.[1] (Doc. 1). While on a federal holdover at Marion County Jail ("Jail"), Plaintiff claims that the defendants failed to protect him from an inmate attack, denied him medical care for chronic pain, failed to prevent the spread of COVID-19, and denied him adequate recreation time. He seeks monetary relief. (*Id.*).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

---

[1] Because Plaintiff sues employees of a local jail, his claims are likely governed by 42 U.S.C. § 1983, which imposes liability on state actors, and sometimes their employer and other state and local agents, for violating a plaintiff's federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). Before the Court screens the Complaint, however, it must first determine whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

Plaintiff brings several unrelated claims against different defendants in his *pro se* Complaint, based on the following allegations (Doc. 1, pp. 10-11):

First, Plaintiff alleges that he requested protection from state inmates in E-block who threatened to harm him because they dislike federal inmates from East St. Louis. Based on these threats, Plaintiff submitted three separate written requests for protection on September 25, 2019, September 27, 2019, and October 16, 2019. He addressed the requests to Kenny Benzing (Jail Administrator), John/Jane Doe 1 (Sergeant #1), John/Jane Doe 2 (Sergeant #2), and John/Jane Doe 3 (Officer #1). These defendants ignored his pleas for help.

On November 11, 2019, Plaintiff was brutally attacked and badly injured by the state inmate(s). Plaintiff required immediate transport to a hospital for treatment of a severely damaged tear duct, damaged left eye, and a right cheek laceration. Plaintiff now suffers from vision loss, dizziness, headaches, blackouts, and right cheek nerve damage.

Second, Plaintiff has been denied pain medication by Nurse Allison Alexander. When he complained of chronic pain in July 8, 2020, the nurse offered him no pain relievers at all. She instead told him to buy pain relievers from the commissary because he had "plenty of money" to purchase them. When Plaintiff explained that the over-the-counter pain relievers were ineffective, she refused to give him anything stronger.

Third, Plaintiff alleges that Kenny Benzing and Allison Alexander failed to implement safety precautions to prevent the spread of COVID-19 at the Jail. Even in the midst of the COVID-19 pandemic, both defendants denied staff and inmates personal protective equipment (PPE), masks, cleaning supplies, testing, or quarantine. On November 17, 2020, Plaintiff and all other inmates in C-Block developed symptoms of COVID-19. Even so, Nurse Alexander refused to test or treat them. Plaintiff now suffers from ongoing symptoms of fatigue, dizziness, shortness of breath, loss of taste/smell, and an elevated heart rate.

Finally, Plaintiff was denied a single period of recreation at the Jail during his detention from September 25, 2019 to December 4, 2020. Even though the Jail has a gymnasium for recreational use, Plaintiff was forced to remain in his cellblock for 24 hours per day with fifteen other inmates. Each time an inmate attempted to exercise in the cellblock, a correctional officer used the intercom to announce that "working out is prohibited" and would result in a one-month lockdown for anyone who attempted to exercise. Plaintiff filed written complaints with Kenny Benzing (Jail Administrator), John/Jane Doe 1 (Sergeant #1), John/Jane Doe 2 (Sergeant #2), and John/Jane Doe 3 (Officer #1), but he was given no access to recreational opportunities.

### Discussion

Based on the allegations, the *pro se* Complaint can be divided into four separate claims:

**Count 1:** Kenny Benzing (Jail Administrator), John/Jane Doe 1 (Sergeant #1), John/Jane Doe 2 (Sergeant #2), and John/Jane Doe 3 (Officer #1) failed to protect Plaintiff from an inmate attack that occurred on November 11, 2019, even after he advised these defendants of threats by his attackers on September 25, 2019, September 27, 2019, and October 16, 2019.

**Count 2:** Nurse Allison Alexander refused to address Plaintiff's complaints of ongoing pain on July 8, 2020, even after she learned that the pain medication available for purchase at the commissary was ineffective.

**Count 3:** Jail Administrator Kenny Benzing and Nurse Allison Alexander took inadequate steps prevent the spread of COVID-19 (e.g., by denying staff

3

          and inmates masks, other personal protective equipment, cleaning supplies, testing, or quarantine) and caused Plaintiff to become ill with COVID-19 on or around November 17, 2020.

**Count 4:** From September 25, 2019 to December 4, 2020, Plaintiff was denied all opportunities for exercise and recreation despite the availability of a gymnasium and his written complaints about the denial of exercise to Kenny Benzing (Jail Administrator), John/Jane Doe 1 (Sergeant #1), John/Jane Doe 2 (Sergeant #2), and John/Jane Doe 3 (Officer #1).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Severance

Each of these claims arises from separate transactions or occurrences, involves no common questions of fact, involves different defendants or groups of defendants, and, in certain instances, involves distinct legal theories. Under the circumstances, the Court finds that the claims are improperly joined together in this action, and they cannot proceed together. *See* FED. R. CIV. P. 18, 20(a)(2). District courts must apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court relies on this authority to sever all claims, other than Count 1, into separate suits:

### Severed Case No. 1:

**COUNT 2** against Nurse Allison Alexander for refusing to address Plaintiff's complaints of chronic pain on July 8, 2020, even after learning that the pain medication available for purchase at the commissary was ineffective.

### Severed Case No. 2:

**COUNT 3** against Jail Administrator Kenny Benzing and Nurse Allison Alexander for taking inadequate steps to prevent the spread of COVID-19 (e.g., by denying staff and

inmates masks, other personal protective equipment, cleaning supplies, COVID-19 testing, or quarantines) and causing Plaintiff to become ill with COVID-19 on November 17, 2020.

### Severed Case No. 3:

**COUNT 4** against Kenny Benzing (Jail Administrator), John/Jane Doe 1 (Sergeant #1), John/Jane Doe 2 (Sergeant #2), and John/Jane Doe 3 (Officer #1) for denying Plaintiff all opportunities for exercise and recreation at the Jail from September 25, 2019 to December 4, 2020.

The Clerk will be directed to open Severed Cases No. 1, 2, and 3. Plaintiff will be responsible for paying the filing fee for each severed case, unless he timely advises the Court that he does not wish to proceed with any of these severed cases. Count 1 will remain in this action and is subject to preliminary review under 28 U.S.C. § 1915A below.

### Section 1915A Review – Count 1

A pretrial detainee bringing a Fourteenth Amendment claim against officials who failed to protect him from assault must allege facts which suggest that each defendant acted purposefully, knowingly, or recklessly with regard to his risk of assault and that the defendant's conduct was objectively unreasonable. *See Wilson v. Cook County, Ill.*, 2020 WL 5642945, at *2 (N.D. Ill. Sept. 22, 2020) (citing *Gosser v. McCorkle*, 2020 WL 1244470, at *8 (S.D. Ind. Mar. 16, 2020)). A prisoner seeking to bring an Eighth Amendment claim must establish that he faced conditions of confinement posing a substantial risk of serious harm to him, and the defendants acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). This claim requires a plaintiff to allege a "tangible threat to his safety or well-being" and a "substantial risk of future harm." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011). Plaintiff alleges that he notified Benzing, Doe 1, Doe 2, and Doe 3 of three separate threats made against his safety by state inmates in E-Block in the weeks preceding his attack, and the defendants disregarded his requests for intervention.

5

Regardless of his status as a pretrial detainee or convicted prisoner when his claim arose, the allegations state a plausible failure-to-protect claim against all of the defendants in Count 1. Accordingly, Count 1 shall receive further review against Kenny Benzing (Jail Administrator), John/Jane Doe 1 (Sergeant #1), John/Jane Doe 2 (Sergeant #2), and John/Jane Doe 3 (Officer #1).

### Identification of Unknown Defendants

Count 1 survives screening against the three unknown officers, John/Jane Doe 1 (Sergeant #1), John/Jane Doe 2 (Sergeant #2), and John/Jane Doe 3 (Officer #1). However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez*, 577 F.3d at 832. Jail Administrator Benzing is already named as a defendant, in his individual capacity, in connection with Count 1. He shall also be named in his official capacity for the purpose of responding to discovery aimed at identifying the unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the generic designations in the caption and Complaint.

### Disposition

**IT IS ORDERED** that:

**COUNT 2** is **SEVERED** into a new case, which shall be captioned: **ANTWON D. JENKINS, Plaintiff vs. ALLISON ALEXANDER, Defendant.**

**COUNT 3** is **SEVERED** into a new case, which shall be captioned: **ANTWON D. JENKINS, Plaintiff vs. KENNY BENZING** and **ALLISON ALEXANDER, Defendants.**

**COUNT 4** is **SEVERED** into a new case, which shall be captioned: **ANTWON D. JENKINS, Plaintiff vs. KENNY BENZING, JOHN/JANE DOE (Sergeant #1), JOHN/JANE DOE (Sergeant #2),** and **JOHN/JANE DOE (Officer #1), Defendants.**

The Clerk is **DIRECTED** to file the following documents in each newly-severed case:

1) The Complaint (Doc. 1);
2) This Memorandum and Order Severing Case.

**COUNTS 2, 3,** and **4** and Defendant **ALLISON ALEXANDER** are **DISMISSED** with prejudice from this action and will proceed, if at all, in the severed case(s).  The Clerk of Court is **DIRECTED** to **TERMINATE** this Defendant as a party to *this action* in CM/ECF.

The <u>**only claim remaining in this action**</u> is **COUNT 1** against Defendant **KENNY BENZING, JOHN/JAND DOE 1 (Sergeant #1), JOHN/JANE DOE 2 (Sergeant #2),** and **JOHN/JANE DOE 3 (Officer #1)**.

The Clerk of Court is **DIRECTED** to **MODIFY** the case caption as follows: **ANTWON D. JENKINS, Plaintiff vs. KENNY BENZING, JOHN/JANE DOE (Sergeant #1), JOHN/JANE DOE (Sergeant #2),** and **JOHN/JANE DOE (Officer #1), Defendants.**

**COUNT 1** survives Section 1915A review against Defendants **KENNY BENZING, JOHN/JANE DOE 1 (Sergeant #1), JOHN/JANE DOE 2 (Sergeant #2),** and **JOHN/JANE DOE 3 (Officer #1)**, in their individual capacities.  **KENNY BENZING** shall also be named in his official capacity for purposes of identifying the unknown defendants (John/Jane Doe 1-3).

The Clerk of Court shall prepare for Defendants **KENNY BENZING** (individual and official capacities)**,** and, once identified, **JOHN/JANE DOE 1-3**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/28/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.