IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON D. JENKINS, #09778-025, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-01371-JPG |
| | ) |
| KENNY BENZING, | ) |
| JOHN/JANE DOE 1, | ) |
| JOHN/JANE DOE 2, | ) |
| and JOHN/JANE DOE 3, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on a Motion for Leave to Amend Complaint filed by Plaintiff Antwon Jenkins. (Doc. 29). Plaintiff seeks permission to drop two unknown defendants, *i.e.*, John/Jane Doe 1 (Sergeant #1) and John/Jane Doe 3 (Officer #1), and identify a third defendant, *i.e.*, John/Jane Doe 2 (Sergeant #2). (*See* Doc. 28). For the reasons set forth herein, the motion shall be **GRANTED**.

The First Amended Complaint survives screening under 28 U.S.C. § 1915A. Count 1 shall now proceed against Jail Administrator Kenny Benzing and Sergeant Bryan Carter, in their individual capacities. Once these defendants answer the First Amended Complaint, the Court will enter an Amended Scheduling Order.

## Background

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (FBOP), and he filed this civil rights action for constitutional deprivations that occurred while he was on a federal holdover at Marion County Jail (Jail) in Illinois. In the Complaint, Plaintiff claims that Marion

1

County Jail officials failed to protect him from an inmate attack (Count 1), denied him medical care for chronic pain (Count 2), failed to prevent the spread of COVID-19 (Count 3), and denied him adequate recreation time (Count 4). (Doc. 1). Count 1 survived preliminary review against Jail Administrator Kenny Benzing, John/Jane Doe 1 (Sergeant #1), John/Jane Doe 2 (Sergeant #2), and John/Jane Doe 3 (Officer #1) based on each individual defendant's failure to protect Plaintiff from an inmate attack that occurred on November 11, 2019 even after he advised them of threats by his attackers on September 25, 2019, September 27, 2019, and October 16, 2019.[1] (Doc. 14). The claim for money damages in Count 1 was allowed to proceed against all four defendants in their individual capacities. (*Id.*).

Pursuant to the Initial Scheduling Order, Plaintiff was required to identify the three unknown defendants or file a motion specifying additional steps that could be taken to identify them by November 14, 2022. (Doc. 23). The Court named Jail Administrator Benzing in his official capacity for purposes of responding to discovery aimed at identifying these individuals by name. (Doc. 14). Plaintiff was warned that failure to properly identify John/Jane Doe 1, 2, and 3 by this deadline would result in their dismissal from this action. (Doc. 23) (citing FED. R. CIV. P. 41(b)). The Court also set a deadline for amending the Complaint on December 13, 2022. (*Id.*). Prior to these deadlines, Plaintiff sought leave to amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## First Amended Complaint

Rule 15 provides that leave to amend should be freely given when justice so requires. *See* FED. R. CIV. P. 15(a)(2). Plaintiff's motion is timely. His request for leave to amend, in order to drop two unidentified defendants and identify a third defendant, is consistent with the instructions

---

[1] Counts 2, 3, and 4 were severed into separate suits and dismissed from this action. (*Id.*).

in the Initial Scheduling Order and Rule 15. Leave to amend should be freely given here.

The First Amended Complaint is still subject to review under 28 U.S.C. § 1915A.[2] In the proposed amended pleading, Plaintiff alleges that he notified Jail Administrative Kenny Benzing and Sergeant Bryan Carter of threats he received from state inmates in E-block on September 25, 2019, September 27, 2019, and October 16, 2019. He addressed written requests for protection to both of these individuals. However, they ignored his pleas for help. On November 11, 2019, Plaintiff was brutally attacked and badly injured by the state inmate(s). Plaintiff was transported to a hospital for treatment of a severely damaged tear duct, damaged left eye, and a right cheek laceration. He now suffers from vision loss, dizziness, headaches, blackouts, and right cheek nerve damage. Plaintiff was denied further treatment by a non-party, Nurse Allison Alexander.

Based on the allegations, the Court designates a single claim in the First Amended Complaint:

> **Count 1:** Jail Administrator Kenny Benzing and Sergeant Bryan Carter failed to protect Plaintiff from an inmate attack that occurred on November 11, 2019, even after Plaintiff advised these defendants of threats by his attackers on September 25, 2019, September 27, 2019, and October 16, 2019.

For the reasons already articulated in the original Screening Order (Doc. 14), Plaintiff's claim against Jail Administrator Benzing and, now, Sergeant Carter survive preliminary review under the Fourteenth Amendment, if he was a pretrial detainee during the relevant time period, or the Eighth Amendment, if he was a convicted prisoner at the time. No claim is stated against the non-party, Nurse Alexander. In summary, the First Amended Complaint survives § 1915A review, and Count 1 shall receive further review against Defendants Benzing and Carter.

---

[2] Pursuant to § 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**Disposition**

Pursuant to Rule 15 and after review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (Doc. 29). **The Clerk's Office is DIRECTED to FILE the First Amended Complaint in CM/ECF.**

**COUNT 1** survives screening against Defendants **KENNY BENZING** and **BRYAN CARTER**, in their individual capacities only.  This claim is **DISMISSED** without prejudice against Defendants **JANE/JOHN DOE 1, JANE/JOHN DOE 2,** and **JANE/JOHN DOE 3**.  **The Clerk's Office is DIRECTED to ADD BRYAN CARTER as a defendant to the docket and TERMINATE the three unknown defendants as parties in CM/ECF.**

The **OFFICIAL CAPACITY** claim against **KENNY BENZING** is **DIMISSED** without prejudice, now that these unknown defendants have been identified or dismissed.

Further, the Clerk of Court shall prepare for Defendant **CARTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, the original Merit Review Order (Doc. 14), and this Memorandum and Order to this defendant's place of employment as identified by Plaintiff.

Defendants **BENZING** and **CARTER** are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues in this Merits Review Order.**

Once Defendants file their answers, the Court will enter an Amended Scheduling Order.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

4

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 8/16/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
